UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYSHAWN ROSHARD ROBERTSON,

       Petitioner,

vs.                                       Case No.:    3:16-cv-799-J-32PDB
                                                                   3:07-cr-278-J-32PDB
UNITED STATES OF AMERICA,

       Respondent.

## ORDER

This case is before the Court on Petitioner Rayshawn Robertson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1; § 2255 Motion) and Supporting Memorandum (Civ. Doc. 11; Memorandum).[1] Petitioner pled guilty to one count of being a felon in possession of a firearm, and the Court sentenced him to a term of 180 months in prison after determining he was an armed career criminal. (See Crim. Doc. 33; Judgment). Petitioner raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 12; Response), and Petitioner has replied (Civ. Doc. 13; Reply). Thus, the matter is ripe for review.

---

[1]     Citations to the record in the underlying criminal case, United States v. Rayshawn Roshard Robertson, No. 3:07-cr-278-J-32PDB, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-799-J-32PDB, will be denoted as "Civ. Doc. __."

1

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's § 2255 Motion is due to be denied.

## I. The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." United States v. Owens, 672 F.3d 966,

2

968 (11th Cir. 2012).

In Johnson v. United States, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. Id. at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017), cert. denied, — S. Ct. —, 2019 WL 659904 (Feb. 19, 2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of

3

sentencing. See id. at 1224 n.5. Thus, court decisions rendered afterward holding that an offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can prove that the sentencing court relied on the residual clause in two ways. First, the prisoner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will

> sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.

Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

## II. Discussion

Petitioner is not entitled to relief from his ACCA sentence because he has not carried his burden under Beeman. Nothing in the PSR or the sentencing transcript

4

(Crim. Doc. 41; Sentencing Transcript) indicates, directly or indirectly, that the Court relied on the residual clause at the time it sentenced Petitioner. Because Petitioner cannot show that the Court "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," Beeman, 871 F.3d at 1221, he is not entitled to relief under Johnson.

Additionally, Petitioner would still qualify as an armed career criminal if sentenced today. At Petitioner's sentencing hearing, the United States supported the ACCA enhancement with two prior convictions for the sale or delivery of cocaine and one prior conviction for resisting an officer with violence. (Crim. Doc. 41 at 3-4).[2] Petitioner did not object to the validity of any of the predicate convictions. (Id. at 5). Petitioner's two prior convictions for the sale or delivery of cocaine do not implicate the residual clause, and thus are not affected by Johnson. See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (conviction for the sale of cocaine under § 893.13, Fla. Stat., is a serious drug offense). As for resisting an officer with violence under § 843.01, Fla. Stat., the Eleventh Circuit has held that the offense categorically qualifies as a violent felony under the ACCA's elements clause. United States v. Joyner, 882 F.3d 1369, 1378 (11th Cir. 2018); United States v. Hill, 799 F.3d 1318, 1322-23 (11th

---

[2] Petitioner had a conviction in 1997 for one count of selling or delivering cocaine, followed by a second conviction in 1999 for three counts of selling or delivering cocaine. (See PSR at ¶ 26). Petitioner asserts that the three 1999 convictions count as a single serious drug offense, rather than three separate offenses. (Civ. Doc. 13 at 2-4). The Court agrees because the prosecutor stated at the sentencing hearing that the three 1999 convictions counted as a single serious drug offense. (Crim. Doc. 41 at 4). Nevertheless, combined with the 1997 drug conviction and resisting an officer with violence, Petitioner still has three qualifying ACCA predicates.

5

Cir. 2015); see also United States v. Romo-Villalobos, 674 F.3d 1246, 1248-51 (11th Cir. 2012) (holding that resisting an officer with violence under Florida law is a "crime of violence" under the elements clause of U.S.S.G. § 2L1.2). The available Shepard document – the judgment from the prior conviction – confirms that Petitioner was convicted of resisting an officer with violence under § 843.01. (Government's Sentencing Ex. 3). As Joyner, Hill, and Romo-Villalobos have not been overruled or abrogated, they remain binding precedent.[3] Because Petitioner has one prior conviction for a violent felony and two prior convictions for a serious drug offense, he would still be eligible for the ACCA enhancement today. As such, Johnson affords Petitioner no relief.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Rayshawn Robertson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

---

[3] Petitioner argues that the Supreme Court abrogated Romo-Villalobos in Descamps v. United States, 133 S. Ct. 2276 (2013), and that following Descamps, resisting an officer with violence cannot categorically qualify as a violent felony under the elements clause. Memorandum at 3-8. This argument fails for two reasons. First, Descamps did not address the ACCA's elements clause or resisting an officer with violence. Descamps dealt with when to use the modified categorical approach to determine whether a prior burglary conviction counts as generic burglary under the enumerated offense clause. 133 S. Ct. at 2281-86. Even in two post-Descamps decisions, the Eleventh Circuit has held that resisting an officer with violence counts as a violent felony under the elements clause. Joyner, 882 F.3d at 1378; Hill, 799 F.3d at 1322-23. Second, even if Petitioner were correct, "Johnson does not serve as a portal to assert a Descamps claim." In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016). "A Johnson claim and a Descamps claim make two very different assertions," Beeman, 871 F.3d at 1220, such that filing a § 2255 motion within one year of Johnson does not make the distinct Descamps claim timely, id. at 1219-21.

6

2. The Clerk should enter judgment in favor of the United States and against Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of March, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

7

lc 19

Copies:
Counsel of record
Petitioner